```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
```

ROBERT DOYLE, individually and on
behalf of all others similarly situated,

        Plaintiff,

  -v-                                                      No. 15 CV 9360-LTS

MASTERCARD INTERNATIONAL INC.,

        Defendant.

```
-------------------------------------------------------x
```

<u>MEMORANDUM OPINION AND ORDER</u>

        Plaintiff Robert Doyle brought this putative class action against Defendant MasterCard International Inc. ("MasterCard"), asserting two claims for breach of contract and a claim under the District of Columbia Consumer Protection Procedures Act (the "CPPA"), D.C. Code §§ 28-3901 <u>et seq.</u>  (<u>See</u> docket entry no. 18 (Amended Complaint ("AC")).)  This Court has jurisdiction of the breach of contract claims pursuant to 28 U.S.C. § 1332; subject-matter jurisdiction over the CPPA claim is disputed.

        MasterCard has moved to dismiss the breach of contract claims pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim, and have moved to dismiss the CPPA claim pursuant to Rules 12(b)(1) and (6), for lack of subject-matter jurisdiction and failure to state a claim.  For the following reasons, Defendant's motion is granted and the AC is dismissed.

BACKGROUND

The following facts are drawn from the AC and are taken as true for purposes of this motion to dismiss.

MasterCard offers credit and debit cards to consumers.  (AC ¶ 1.)  Starting in 2011 and during each year since then, MasterCard has conducted a marketing promotion relating to a "Stand Up to Cancer" program (the "Marketing Promotion").  (Id. ¶ 8.)  MasterCard advertised the Marketing Promotion nationwide, stating that MasterCard would donate one cent (or two cents, in the case of contactless transactions) to the "Stand Up to Cancer" program for each credit or debit card transaction of $10 or more made by a MasterCard cardholder in a U.S. restaurant (a "Qualifying Transaction") until the earlier of two conditions was met: either (1) the scheduled end date of the promotion, or (2) the reaching of a specified maximum donation amount.  (Id. ¶¶ 9, 14, 20-24.)

In each year covered by the AC (2011-2015), the maximum donation amount specified by MasterCard was $4 million.  (Id. ¶ 14.)  From 2012-2015, MasterCard announced via a press release that the Marketing Promotion had reached the maximum donation amount prior to the scheduled end date of the promotion, but continued advertising the Marketing Promotion despite the Marketing Promotion having ended.  (Id. ¶¶ 36-39, 57.)

The AC asserts that the terms of the Marketing Promotion constituted a contract between MasterCard and its cardholders who made a Qualifying Transaction.  (Id. ¶¶ 16-19.)  Doyle, a resident of New Jersey, personally made a Qualifying Transaction during each year of the Marketing Promotion covered by the AC, and alleges that he did so instead of using other forms of payment because of the Marketing Promotion.  (Id. ¶ 6, 61.)

DISCUSSION

The Breach of Contract Claims

MasterCard has moved to dismiss Counts I and II of the AC, which assert claims for breach of contract and breach of the implied covenant of good faith and fair dealing, for failure to state a claim. To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). This requirement is satisfied when the factual content in the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. 544, 556 (2007)). A complaint that contains only "naked assertions" or "a formulaic recitation of the elements of a cause of action" does not suffice. Twombly, 550 U.S. at 555, 557. The Court accepts as true the non-conclusory factual allegations in the complaint and draws all inferences in the Plaintiff's favor. Roth v. Jennings, 489 F.3d 499, 501 (2d Cir. 2007).

The parties agree that New York law applies to the breach of contract claims. To state a claim for breach of contract under New York law, a plaintiff must allege: "(1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages." Ellington Credit Fund Ltd. v. Select Portfolio Servicing Inc., 837 F. Supp. 2d 162, 188–89 (S.D.N.Y. 2011) (quoting Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir.1996)).

The allegations in the AC, even construed in the light most favorable to the Plaintiff, do not state a claim for breach of contract because they do not identify any breach of the alleged contract by MasterCard. Plaintiff recites the plain terms and conditions of the Marketing Promotion, which included provisions terminating the Marketing Promotion if a

specified dollar amount of donations were to be reached.  That MasterCard did, in fact, terminate the Marketing Promotion when that dollar amount was reached pleads compliance with the terms of the contract, not a breach of those terms.  That MasterCard may have continued to advertise the Marketing Promotion after the maximum donation amount was reached does not alter this conclusion because it does not establish the breach of any contract term.[1]  See Kraus v. Visa Int'l Serv. Ass'n, 304 A.D.2d 408, 408 (N.Y. App. Div. 1st Dep't 2003) (holding that the lower court "properly dismissed for failure to state a cause of action . . . plaintiff's breach of contract claims since plaintiff failed to allege the breach of any particular contractual provision").

       The AC also fails to allege that Doyle, or any cardholder, suffered cognizable damages, as required by New York law.  See Ellington Credit Fund Ltd., 837 F. Supp. 2d at 188–89.  The AC contains no allegations of any harm to Doyle arising from the Marketing Promotion, and the benefits of the Marketing Promotion would not flow to Doyle (or any MasterCard cardholder) personally.  This is, independently, a basis for dismissal of the contract claim.  See, e.g., Ross Stores, Inc. v. Lincks, 2013 WL 5629646, at *3 (S.D.N.Y. Oct. 4, 2013) (dismissing breach of contract claim for failure "to allege damages resulting from the alleged breach").

       Nor does the AC plead a breach of the implied covenant of good faith and fair dealing.  Under New York law, such a claim is redundant and subject to dismissal "when it is based on the same facts as the breach of contract claim." Goldblatt v. Englander Comm'ns, L.L.C., 2007 WL 148699, at *5 (S.D.N.Y. Jan. 22, 2007).  The AC's naked assertions of bad

---

[1] Plaintiff's opposition papers assert that MasterCard's advertisements were misleading (see, e.g., docket entry no. 21, Pl. Mem. in Opp., at 12), but not false, and Plaintiff's claims are all premised on alleged breaches of the contract Plaintiff alleges was formed based on the terms and conditions of the Marketing Promotion, not MasterCard's advertising.

faith, unaccompanied by any factual predicate distinct from the breach of contract claim, are insufficient to plead a plausible breach of the implied covenant of good faith and fair dealing. Alter v. Bogorician, 1997 WL 691332, at *7 (S.D.N.Y. Nov. 6, 1997) ("[E]very court faced with a complaint brought under New York law and alleging both breach of contract and breach of the implied covenant of good faith and fair dealing has dismissed the latter claim as duplicative.")

Accordingly, the AC's claims for breach of contract (Count I) and breach of the covenant of good faith and fair dealing (Count II) are dismissed for failure to state a claim for which relief may be granted.

The CPPA Claim

In his opposition to Defendant's motion to dismiss, Doyle concedes that he "has not stated an *individual* claim under the [CPPA]." (Pl. Mem. in Opp., at 19 (emphasis in original).) This admission is fatal to the CPPA claim. If Doyle has not stated an individual claim, he does not have standing to sue because he has alleged no injury-in-fact, and therefore cannot pursue either an individual or class action under the CPPA. Warth v. Seldin, 422 U.S. 490, 502 (1975) ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.").

Doyle's reliance on Ortiz v. Fibreboard Corp., 527 U.S. 815 (1999), and Mahon v. Ticor Title Ins. Co., 683 F.3d 59 (2d Cir. 2012), are unavailing. Those cases involved questions where class certification was "logically antecedent" to concerns of standing. Ortiz, 527 U.S. at 831. Where the putative named plaintiff concedes that he does not state a claim, there is no possibility that the named plaintiff satisfies the requirements to represent a class. As

Mahon instructs, the individual, not the class, is the relevant entity for Article III purposes. 683 F.3d at 64 ("[W]e also disagree with the approach that analyzes class certification before Article III standing and treats the class as the relevant legal entity."). Accordingly, because Doyle admits that he does not personally have a claim under the CPPA, that claim is also dismissed.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. The Clerk of Court is requested to enter judgment accordingly and close this case. This Memorandum Opinion and Order resolves docket entry no. 19.

SO ORDERED.

Dated: New York, New York
      December 15, 2016

                                  /s/ Laura Taylor Swain
                                LAURA TAYLOR SWAIN
                                United States District Judge